Dear Honorable Cate,
The Attorney General is in receipt of your request for an opinion wherein you ask the following question:
 Is a good faith purchaser of property which has been condemned pursuant to 11 O.S. 22-112 (1978), who has neither actual nor constructive notice of such condemnation, responsible for paying the costs of removing a dilapidated structure from such property when such costs become a lien on the property?
Once a dilapidated structure has been condemned and removed by a municipality pursuant to 11 O.S. 22-112 (1978), a statement of the actual costs of such removal, together with a demand for payment of such costs is sent by the municipal clerk, certified mail, return receipt requested, to the property owner of record. If such costs have not been paid within six months from the date the statement is mailed to the property owner, the municipal clerk then forwards a certified statement of the amount of such costs to the county treasurer of the county where the property is located to be collected by him in the same manner as other taxes authorized by law. These costs become a lien or a charge against the property as of that date.
Under 68 O.S. 24311 (1971), a county treasurer is authorized to sell real property in order to satisfy any liens against the property for assessed but unpaid taxes. Since any unpaid costs of removing dilapidated structures can be collected by a county treasurer in this same manner, when the costs become a lien on the property, they attach to and become an obligation of and charge against the land itself.
Since the land itself must bear the ultimate burden of any liens or assessments against it, a lien for unpaid removal costs is not discharged by virtue of a transfer of the property to a good faith purchaser. Consequently, a purchaser of property which is burdened with a lien of this nature will have to pay such costs initially in order to prevent the land from being sold to satisfy the lien.
Whether or not the purchaser can then look to his grantor for reimbursement of such costs depends upon the contractual agreement between the parties. In the event the contractual agreement between the parties is silent with respect to which party is ultimately liable for such costs, the grantee will have to bear them. However, as a practical matter, the warranties of the contract of purchase and/or the deed will govern the obligations in most cases.
It is, therefore, the opinion of the Attorney General that, in theabsence of an agreement between the parties to the contrary, a good faithpurchaser of property which has been condemned pursuant to 11 O.S. 22-112(1978), notwithstanding the fact that he has neither actual norconstructive notice of such condemnation, shall be required to pay thecosts of removal of a dilapidated structure from the property in order todischarge the lien imposed against the property.
JAN ERIC CARTWRIGHT, ATTORNEY GENERAL OF OKLAHOMA
LEE ANNE WILSON-ZALKO, ASSISTANT ATTORNEY GENERAL